UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JEFFERY BERNARD HOLLOWAY,

        Plaintiff,                         Case No. 1:17-cv-129

v.                                                   Honorable Janet T. Neff

DENNIS M. WILEY et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Jeffery Bernard Holloway presently is incarcerated at the Parnall Correctional Facility. He sues the following Defendants: Berrien County trial court judges Dennis M. Wiley and Gary J. Bruce; defense attorney Rodney C. Fuller; probation officers Randolph C. Coultes and Amber L. Glendening; the Berrien County Sheriff Department; the Berrien County Courthouse; the Berrien County Administration Center; and the Michigan Department of Corrections.

Plaintiff alleges that he pleaded guilty before Judge Angela Pasula in the Berrien County District Court to embezzlement of more than $1,000.00 but less than $20,000.00, under a plea agreement to be sentenced within the guideline range and with a recommendation for restitution of $5,081.63. On August 20, 2007, he was sentenced to five years' probation.

On May 6, 2011, Plaintiff appeared before Defendant Bruce to show cause why his probation should not be violated, apparently for failure to make payments on his restitution. Defendant Bruce did not advise Plaintiff of his right to be brought before his original sentencing judge. Plaintiff told Defendant Bruce that he had only been sporadically employed and most of his unemployment payments went toward paying child support, while he resided in homeless shelters. Nevertheless, Plaintiff pleaded guilty to failing to make monthly payments on fines, costs and restitution. Defendant Bruce continued Plaintiff's probation and noted that he already had been sentenced to the maximum probation term. Defendant Bruce advised Plaintiff that he could go to jail and then be released from probation. Otherwise, Plaintiff had three months to find a job and pay the $5,000.00 owed or face possible imprisonment. Plaintiff was never advised of his right to seek

to have the restitution amended, lowered or dismissed.  The probation-violation report was completed by Defendants Glendening and Coultes.

After being laid off from the Radisson Hotel in Kalamazoo in 2009, Plaintiff had reported to probation officers in Detroit, Kalamazoo and Saginaw, as he sought jobs.  On November 15, 2011, Plaintiff immediately reported by phone to a probation officer in Wayne County, after having received a letter from Defendant Coultes at his approved Detroit address.  The officer advised Plaintiff to turn himself in, because a warrant had issued against him.  On November 30, 2011, Plaintiff called Defendant Coultes and explained that he was unable to turn himself in to Berrien County because of his lack of resources and family support.  Coultes informed Petitioner that, if he was stopped, he would be arrested.  But Coultes indicated that, when Plaintiff came to Berrien County, he would talk to the judge about getting Plaintiff off probation, though he would still be responsible for the restitution.

Two months later, on February 28, 2012, Plaintiff became employed, and he held the same continuous position for more than three years in Detroit.  During that time, Plaintiff paid his child support in accordance with his support order.  The bench warrant for not paying child support was dismissed in May 2012.

Plaintiff called Defendant Coultes on September 28, 2015, in an attempt to resolve the restitution warrant.  He was transferred to an unknown officer.  Plaintiff asked how much he would need to pay to get the warrant for non-payment dismissed.  The officer said that, because Plaintiff had waited four years and had absconded, there was nothing he could do.  Plaintiff denied having absconded.

In December 2015, after being advised by Immigration and Custom Enforcement that Plaintiff was on a cruise ship scheduled to dock on December 10, 2015, Defendants reissued the warrant, and Plaintiff was arrested in Fort Lauderdale, Florida, as he disembarked from the cruise. The new warrant listed the two probation violations from November 2011, together with another violation for failing to report on December 1, 2011. Plaintiff was extradited to Berrien County, Michigan.

Although Plaintiff maintained that he was guilty only of not paying restitution, his attorney recommended that he plead guilty to all three charges with the recommendation from the probation supervisor of a maximum sentence of six months. Defendant Wiley sentenced Plaintiff on January 20, 2016, to 18 to 60 months' imprisonment.

Plaintiff sought counsel on appeal, and the State Appellate Defender Office was appointed. Counsel on appeal filed a motion in the Berrien County Circuit Court to vacate the conviction because the court lacked jurisdiction, as the warrant was not issued until four years after the term of probation had expired. In addition, the motion argued that Plaintiff had been unable to pay, but the court had imposed sentence without inquiring into Plaintiff's ability to pay. The motion, filed on July 19, 2016, has not yet been heard or decided.

Plaintiff contends that his conviction should be vacated and expunged because the trial court lacked jurisdiction to impose a prison sentence. He also argues that he should not have been required to enter a plea and be sentenced in front of a judge who did not impose the term of probation. In addition, he claims that Berrien County, after being notified of his inability to pay, violated the Equal Protection Clause by finding him guilty of a probation violation for failing to pay.

Plaintiff also contends that he has been sentenced in violation of the Eighth Amendment, because his sentence was disproportionate to the offense committed.

For relief, Plaintiff seeks release from prison, expungement of his conviction, reprimand of Defendants Wiley and Fuller, and immunity from further prosecution. He also seeks compensatory and punitive damages.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill*

*v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff challenges his incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations do not clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: __March 10, 2017__          /s/ Janet T. Neff          
                                   Janet T. Neff
                                   United States District Judge